Precision Acupuncture P.C. v State Farm Mut. Auto. Ins. Co. (2025 NY Slip Op 50021(U))

[*1]

Precision Acupuncture P.C. v State Farm Mut. Auto. Ins. Co.

2025 NY Slip Op 50021(U)

Decided on January 14, 2025

Civil Court Of The City Of New York, Kings County

Roper, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 14, 2025
Civil Court of the City of New York, Kings County

Precision Acupuncture P.C. a/a/o BLANCO ESTEVEZ, Plaintiff(s),

against
State Farm Mutual Automobile Ins. Co., Defendant(s).

Index No. 738833-21/KI

Marina Josovich Esq., P.C., Brooklyn, for Plaintiff
Rivkin Radler LLP, Uniondale, for Defendant.

Sandra Elena Roper, J.

Recitation, as required by CPLR §2219(a) of the papers considered in review of this Motion:
Papers
Notice of Motion and Affidavits Annexed 1-2
Cross-motion 3-4
Opposition 5
Reply 6
Upon the foregoing cited papers, pursuant to CPLR §3212(g), the Decision and Order on Defendant's Motion for Summary Judgment is hereby Granted in its entirety.
Defendant's burden has been met and not rebutted. Defendant has established: timely mailing of its EUO scheduling letters, timely issuance of the subject denials for each bill and Plaintiff's failure to appear for the two scheduled EUOs. Plaintiff's rebuttal argument that there is a triable issue of fact as to the timeliness of the denial for Bill 2 subsequently received by Defendant after the first EUO no-show but before the second EUO no-show and denied within 30 days of the second EUO no show is rejected. Although the No-Fault Regulations are silent as to the tolling effect of a pending EUO request upon a subsequent bill, it has been held that where an initial EUO scheduled before a defendant received a subsequent bill, a defendant's time to pay or deny this subsequent bill remained tolled at the time that the subsequent bill was received by the defendant (NGM Acupuncture, P.C. v Nationwide Ins. Co., 77 Misc 3d 135[A], 2022 NY Slip Op 51271[U] [App Term 2022]), citing ARCO Med. NY, P.C. v Lancer Ins. Co., 34 Misc 3d 134[A], 2011 NY Slip Op 52382[U] [App Term 2011]). "We find that, once defendant served plaintiff with requests for EUOs, the resulting toll of defendant's time to pay or deny plaintiff's claims applied to each claim form which was submitted by the same plaintiff for the same [*2]assignor subsequent to that request, but before plaintiff breached a policy condition by failing to appear for two properly scheduled EUOs" (ARCO Med v Lancer). In this instant matter, Plaintiff yet again failed to appear to the second timely scheduled follow-up EUO during the period of time that subsequent Bill 2 remained tolled. Thus, Defendant's denial of this subsequent Bill 2 issued within 30 days of the second EUO no-show was timely.
Plaintiff's motion for summary judgment is denied. Defendant's cross-motion for summary judgment granted. This case is dismissed with prejudice.
This constitutes the Decision and Order of the Court.
Date: January 14, 2025
Brooklyn, New York
Hon. Sandra Elena Roper, JCC